NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANKIE KAREN WASHINGTON,<br><br>　　　　　Petitioner-Appellant,<br><br>　v.<br><br>DERRAL G. ADAMS, Warden,<br><br>　　　　　Respondent-Appellee. | No.　　17-55690<br><br>D.C. No. 06-156-DOC (PLA)<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
The Honorable David O. Carter, Presiding

Submitted February 6, 2019**
Pasadena, California

Before: WARDLAW and BEA, Circuit Judges, and MURPHY,*** District Judge.

Frankie Washington, a California state prisoner, appeals the district court's

denial and dismissal of her petition for writ of habeas corpus pursuant to 28 U.S.C.

---

　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

　*** The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

§ 2254. Her petition raised a sentencing claim based in part on *Cunningham v. California*, 549 U.S. 270 (2007). The district court granted a certificate of appealability. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

Washington was convicted in state court on thirteen counts—including six counts of attempted murder and three counts of assault with a deadly weapon—after she and her accomplices kidnapped a minor at gunpoint and shot at an occupied residence at night with multiple weapons, including an assault rifle. Each count of attempted murder was for each of the home's occupants. The jury found, with respect to each attempted murder, that a principal was armed with a firearm. On February 21, 2003, the trial court sentenced Washington to an aggregate sentence including an upper-term sentence on Count 8, one of the counts of attempted murder. The trial court explained that the upper term sentence was "due to the degree of danger and the use of high-powered weapons." The sentencing occurred before the Supreme Court decided *Cunningham*.

Adams conceded that the upper limit sentencing on Count 8 was rendered erroneous by *Cunningham*. The district court determined, however, that the error was harmless under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). We agree.

A federal constitutional error is not harmless if it resulted in actual prejudice, which occurs if the error had a substantial and injurious effect. *Brecht*, 507 U.S. at 637–38. Washington must show that there is a "reasonable probability" that the

2

jury would have reached a different result but for the alleged error. *Clark v. Brown*, 450 F.3d 898, 916 (9th Cir. 2006). *Brecht*'s "substantial and injurious effect" test applies to sentencing errors. *Stokley v. Ryan*, 705 F.3d 401, 403 (9th Cir. 2012). For habeas relief to be appropriate under *Brecht* for a *Cunningham* error, the district court must be in "'grave doubt' as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt." *Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008) (citing *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)). A *Cunningham* error is harmless if the court has no grave doubt that a jury would have found at least one aggravating circumstance beyond a reasonable doubt. *Id.*

The district court correctly found no reasonable probability that the jury would not have found beyond a reasonable doubt that the attempted murder in Count 8 was aggravated by the dangerous manner in which it was committed. There was overwhelming evidence of dangerousness: one firearm was a military assault weapon, twenty bullet casings were recovered at the scene, and bullet holes were found at several locations inside and outside the residence. The evidence shows a level of danger that exceeds that inherent in six attempted murders absent aggravating circumstances. We have no grave doubt that the jury would have found beyond a reasonable doubt that the crime was aggravated.

The trial court also did not improperly impose the upper term on Count 8 based on the same facts used to sentence Washington consecutively on her

multiple convictions. The other counts of attempted murder were imposed consecutively in part because they involved separate victims. And, although the trial court sentenced Washington consecutively on two counts of assault with a deadly weapon, the counts involved the kidnapping of the minor from her home. The trial court therefore did not sentence Washington to the upper term on Count 8 using the same facts supporting the consecutive sentences on other counts.

Washington does not show actual prejudice under *Brecht*. The trial court's imposition of the upper term sentence on Count 8 was harmless error.

**AFFIRMED.**